# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL E. JABER, | ) |
| | ) |
| | ) CIVIL ACTION NO. __3:18-cv-61_____ |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CORNER COFFEE CORPORATION LLC, | ) |
| CORNER COFFEE CORPORATION and | ) |
| CORNER COFFEE SHOPPE, | ) |
| | ) JURY TRIAL DEMANDED |
| | ) |
| DEFENDANTS. | ) |

## COMPLAINT

AND NOW COMES, plaintiff, Michael E. Jaber, by and through his attorneys, Lawrence D. Kerr, Esq., Claire E. Throckmorton, Esq., and Tremba, Kinney, Greiner & Kerr, LLC, and files the within Complaint:

### I.   INTRODUCTION

1. This action is brought under The Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 *et seq.* ("ADA"). Plaintiff alleges that defendant failed to engage in the interactive process of providing him with a reasonable accommodation for his disability, then unlawfully discharged him for seeking medical treatment related to his disability.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 28 U.S.C. §1331.

3. This court has federal question jurisdiction because plaintiff's claims under the ADA arise from a federal statute. 28 U.S.C. §1331.

4. This court has personal jurisdiction over the defendants because their contacts with Pennsylvania and this federal judicial district meet the requirements necessary to satisfy the notions of fair play and justice established in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

5. Venue is proper under 28 U.S.C. §1391 because the defendant resides here and the plaintiff's claims arise from events which occurred in this judicial district.

6. On March 28, 2017, the plaintiff mailed a signed Intake Questionnaire to the Pittsburgh office of the Equal Employment Opportunity Commission ("EEOC"). The EEOC prepared a Charge of Discrimination which the plaintiff signed and forwarded to the EEOC requesting that it be dual filed with the Pennsylvania Human Relations Commission.

7. On January 8, 2018, the plaintiff received a 90-day Notice of Right to Sue. This complaint is filed within 90 days from the date he received that notice.

8. The plaintiff has properly exhausted his federal administrative remedies.

9. Because the EEOC issued the plaintiff a Notice of Right to Sue, he must file this suit to preserve his federal causes of action. He will request leave of court to add claims under the Pennsylvania Human Relations Act when the state administrative remedies are exhausted.

### III. PARTIES

10. The previous paragraphs are incorporated.

11. Plaintiff Michael E. Jaber ("Mr. Jaber") is an adult citizen and resident of Pennsylvania with an address at 2305 Surrey Lane, Apartment 15, McKeesport, Pennsylvania 15135.

12. Defendants Corner Corporation LLC, Corner Coffee Corporation, and Corner Coffee Shop (collectively "CCS") is/are a Pennsylvania business entity with a business office at 102 Jones Avenue, Windber, Pennsylvania 15963, and a principle place of business at 810 Scalp Avenue, Johnstown, Pennsylvania 15904.

13. At all times relevant to this complaint, CCS was Mr. Jaber's "employer" under the ADA in that it employed more than fifteen (15) employees.

### IV. FACTUAL BACKGROUND

14. The previous paragraphs are incorporated.

15. Mr. Jaber is a 52 year-old male. In August 2014, he began working for CCS as its general manager.

16. Mr. Jaber's medical history includes chest pain, dizziness, shortness of breath, hypertension, PTSD, anxiety, coronary artery disease, gout, and acute kidney injury.

17. Mr. Jaber's medical conditions substantially impaired and limited his major life activities including, but not limited to, working, sleeping, and concentrating.

18. In October 2016, Mr. Jaber was hospitalized for three days for chest pain and anxiety. CCS was aware of his hospitalization and the reasons for it.

19. Between October 2016 and March 2017, Mr. Jaber suffered from episodes of chest pain and anxiety. CCS was aware of these episodes and the reasons for them.

20. On or about Sunday, March 5, 2017, at approximately 9:00 A.M., while working at the Corner Coffee Shop, Mr. Jaber experienced severe dizziness and tightness of chest. He admitted himself to the Conemaugh Memorial Hospital Emergency Room.

21. At the time of Mr. Jaber's episode, CCS's owner/CEO, John Riczilli, had been watching Mr. Jaber via remote surveillance camera.

22. Mr. Riczilli became angry at Mr. Jaber for going to the emergency room. As a result, he fired Mr. Jaber via telephone while Mr. Jaber was in the emergency room.

## V.   COUNT I — ADA—FAILURE TO ACCOMMODATE

23. The previous paragraphs are incorporated.

24. CCS is Mr. Jaber's "employer" under the ADA because it employed 15 or more employees who worked each work day in 20 or more calendar weeks during the relevant time period.

25. Mr. Jaber is "disabled" within the meaning of the ADA due to his impairment which restricts his major life activities such as working, sleeping, and concentrating.

26. Mr. Jaber is a "qualified individual with a disability" under the ADA because he was can perform the essential functions of his position with or without a reasonable accommodation.

27. The ADA requires employers to engage in an interactive process with qualified individuals with disabilities to evaluate how their condition may be accommodated.

28. CCS failed to engage in the interactive process.

29. The ADA requires employers to make reasonable accommodations to the known physical limitations of individuals with disabilities unless it imposes an undue hardship.

30. CCS failed to give Mr. Jaber a reasonable accommodation.

31. CCS would not have suffered an undue hardship in providing Mr. Jaber with a reasonable accommodation in the form of permitting him to seek treatment at the emergency room without firing him.

32. As a result of CCS's unlawful actions, Mr. Jaber suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to his personal and professional reputation, aggravation to his pre-existing mental condition, emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

33. CCS's actions were intentional, willful, wanton, and outrageous so as to justify an award of punitive damages.

**WHEREFORE,** Mr. Jaber respectfully requests judgment against CCS in an amount that will compensate him for his injuries and damages resulting from CCS's violation of his rights under the ADA, and award his reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, court costs, expense of litigation, expert witness fees, punitive damages, reasonable attorney's fees for this legal action and defense of his unemployment compensation claim, prejudgment interest, as well as any further legal and equitable relief the Court deems just and appropriate under the ADA.

## VI.   COUNT II - ADA-WRONGFUL DISCHARGE

34. The previous paragraphs are incorporated.

35. CCS took adverse action against Mr. Jaber when it unlawfully suspended and discharged him.

36. CCS took adverse action against Mr. Jaber because of his disability.

37. As a result of CCS's unlawful actions, Mr. Jaber suffered damages which include, but are not limited to, loss of back and front pay, loss of earnings potential, loss of career opportunities, loss of future earnings, lost benefits past and future, damage to his personal and professional reputation, aggravation to his pre-existing mental condition,

emotional distress, humiliation, embarrassment, inconvenience, and loss of life's pleasures.

38.     CCS's actions are willful, wanton, and outrageous so as to justify an award of punitive damages.

**WHEREFORE,** Mr. Jaber respectfully requests judgment against CCS in an amount that will compensate him for his injuries and damages resulting from CCS's violation of his rights under the ADA, and award his reinstatement, back pay and, if appropriate, front pay, lost wages, past and future, loss of future earnings and earnings capacity, loss of career opportunities, loss of employee benefits, past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to personal and professional reputation, court costs, expense of litigation, expert witness fees, punitive damages, reasonable attorney's fees for this legal action and defense of his unemployment compensation claim, prejudgment interest, as well as any further legal and equitable relief the Court deems just and appropriate under the ADA.

## VII.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury in this action for all issues so triable.

                                     Respectfully submitted,

                                     TREMBA, KINNEY, GREINER & KERR, LLC

Date:   __04/03/18__          By:   /s/ Lawrence D. Kerr, Esq.
                                                 Lawrence D. Kerr, Esq.
                                                 PA I.D. #58635
                                                 lkerr@westpalawyers.com

                                                 /s/ Claire E. Throckmorton, Esq.
                                                 Claire E. Throckmorton, Esq.
                                                 PA I.D. #321125
                                                 cthrockmorton@westpalawyers.com

                                                 Attorneys for Plaintiff
                                                 302 West Otterman Street
                                                 Greensburg, PA 15601
                                                 724-838-7600
                                                 724-838-8870 *facsimile*